SHARI RUSK (SBN 170313)
ATTORNEY AT LAW
P.O. Box 188945
Sacramento, CA. 95818
(916) 804-8656
rusklaw@att.net

Attorney for Defendant
ROSARIO ZAMORA-ROJO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>ROSARIO ZAMORA-ROJO,<br><br>　　　　Defendant. | No. 21-MJ-00153 DB<br><br>STIPULATION AND ORDER MODIFYING CONDITIONS OF PRE-TRIAL RELEASE |

　　　　The United States of America through its undersigned counsel, DAVID SPENCER, Assistant United States Attorney, together with counsel for defendant ROSARIO ZAMORA-ROJO, Shari Rusk, Esq., hereby agree to the following:

　　1. On January 20, 2022, Mr. Zamora-Rojo was released with a home confinement condition.

　　2. The parties agree that this condition should be modified and replaced with the following language:

　　**CURFEW:** You must remain inside your residence every day from **8:00 p.m. to 5:30 a.m.**, or as adjusted by the pretrial services officer for medical, religious services, employment or court-ordered obligations;

　　3. The government would like to include the following additional language in this stipulation:

1

Although the United States continues to believe that defendant poses an extraordinary flight risk (particularly as the case progresses and the prospect of prolonged incarceration becomes more imminent) – based on which both the United States and Pretrial Services recommended that defendant be detained pending trial because no condition or combination of conditions could adequately assure defendant's appearance for court proceedings and for service of an eventual sentence of imprisonment – the United States does not object to the proposed modification of conditions from home detention to a curfew in this case.  Specifically, the United States does not believe, in the unique facts of this case, that home detention provides meaningfully greater protection against risk of flight than the proposed curfew, given that the terms of defendant's home detention already allow him to leave his home for work, school, court, drug testing, counseling, lawyer meetings, and religious services.  The United States understands that defendant is already away from his home for significant portions of most days for work.  Thus, converting the home detention condition to a curfew will not significantly impact the amount of time he is authorized to be away from his residence, and the curfew will still ensure he is required to be in a known location within the district every night.  Moreover, a curfew condition will reduce the administrative burden on the supervising pretrial officer to approve defendant's absences from his residence during daytime hours for legitimate purposes.  Finally, in light of the foregoing, Pretrial Services recommends the proposed modification.

Dated:  February 23, 2022          /s/ Shari Rusk_____

                                   SHARI RUSK
                                   Attorney for Defendant
                                   ROSARIO ZAMORA-ROJO

                                   /s/ David Spencer_____
                                   DAVID SPENCER
                                   Assistant United States Attorney

cc: DARRYL WALKER, PTSO

## ORDER

It is so ordered that the home detention condition for Mr. Zamora-Rojo be changed to the curfew described herein.

Dated:  February 25, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE